## COMMONWEALTH *versus* ELISHA ODLIN.

The Revised Stat. *c.* 47, § 1, subjecting to a penalty any person who should presume to be an innholder, common victualler or seller of wine and spirituous liquor, to be used in or about his house, &c., without being licensed, is not repealed by *St.* 1838, *c.* 157.

An indictment under Revised Stat. *c.* 47, § 1, charging, that the defendant, without license, *presumed to be and was a common seller* of wine &c. to be used in and about his shop, is not bad on the ground of its generality.

Upon such an indictment it is not material, whether the sales were all made to the same person, or to different persons.

An indictment under *St.* 1838, *c.* 157, charging the defendant with selling *spirituous liquors* in a less quantity than fifteen gallons, without license, but not specifying the kind of spirituous liquor sold, is sufficiently certain ; and such indictment is supported by proof of the sale of brandy.

If such indictment merely aver, that the defendant, not being licensed, sold one pint of spirituous liquors, it is bad, as it does not negative that the sale was of fifteen gallons or more.

An indictment alleging a sale of " spirituous liquors in a less quantity than fifteen gallons, and that delivered and carried away all at one time, to wit, two quarts of spirituous liquors," was *held* to be good. (*See note.*)

INDICTMENT. The first count charged, that the defendant, on the 1st of July, 1838, and on divers days since, without any authority or license therefor, " did presume to be and was a common seller of wine, brandy, rum and other spirituous liquor, to be used in and about his shop," against the peace, &c.

The sixth count charged, that the defendant, on the 1st of November, 1838, without license, " did sell to one Thomas Goldsmith one pint of spirituous liquors," against the peace, &c.

At the trial in the Court of Common Pleas, before *Williams* J., the defendant was found guilty upon these counts, and not guilty upon the other counts, and thereupon he excepted to the rulings of the judge at the trial, for the following among other causes :

1. Because the indictment was informal and insufficient in law ; but the judge instructed the jury, that it was good and sufficient in law.

2. Because the jury were instructed, that the government was not bound to prove distinct acts of sale to different persons, but that the proof of three different sales of spirituous liquors within the time specified in the first count, either to one person or to different persons, would authorize the jury to

convict the defendant as a common seller, within the Revised Stat. *c.* 47, § 1.

3. Because the jury were instructed, that evidence of the sale of a pint of brandy, would support the allegation of a sale of spirituous liquors in the sixth count of the indictment.

*Nov. 5th.* *Lord*, for the defendant, to the point, that the first count was too general and indeterminate, cited *Regina* v. *Buckbridge*, 7 Mod. 52; *Rex* v. *Cooper*, 2 Str. 1246; *Rex* v. *Gibbs*, 1 Str. 497; that the sixth count was bad, inasmuch as it did not specify the kind of spirituous liquor which was sold, *Rex* v. *Sparling*, 1 Str. 497; *Colborne* v. *Stockdale*, 1 Str. 493; and, that the sixth count was defective in not averring that the quantity sold was less than fifteen gallons, *Commonwealth* v. *Tuck*, 20 Pick. 362; *Commonwealth* v. *Maxwell*, 2 Pick. 138.

*Austin*, (Attorney-General,) for the Commonwealth, to the point, that the first count was not bad on the ground of its generality, cited *Commonwealth* v. *Pray*, 13 Pick. 359.

*Nov. 8th.* SHAW C. J. delivered the opinion of the Court. This was an indictment against the defendant for selling spirituous liquors, without license, contrary to the statute, and comes before this Court, by exceptions to the opinions and decisions of the Court of Common Pleas.

The first exception is, that the first count is too general and indeterminate for an indictment, inasmuch as it charges, that the defendant, on the 1st of July, 1838, and on divers days since, without authority or license therefor, did presume to be and was a common seller of wine, brandy, rum, and other spirituous liquor, to be used in and about his shop, against the peace, &c.

If this were a mode of criminal pleading, now for the first time presented for the consideration of the Court, it would certainly deserve great consideration, whether it is sufficiently certain and precise to satisfy the rules of law upon that subject. But such general averments are allowable in many cases, and almost from the necessity of the case, as in case of a common barrator, common scold, common brothel, &c. And we consider that this form of indictment has long been allowed in practice upon this and prior analogous statutes. *Common-*

*wealth* v. *Pray*, 13 Pick. 359. And in such cases, common practice, allowed and unquestioned, is of great authority, and stands, like other precedents, as high evidence of the law. Sanctioned by such practice, the Court are of opinion that it is sufficient.

It is further objected, that this first count in the indictment is founded on Revised Stat. *c.* 47, § 1, which is repealed by the statute of 1838. If that act is repealed, it is very clear that this indictment cannot be supported. But the Court are of opinion, that the first section of the Revised Stat. *c.* 47, subjecting an unlicensed person to a penalty for presuming to be and being a common seller, &c. is not repealed by the subsequent act. To understand this more distinctly, it will be necessary to compare the two statutes. The 47th chapter of the Revised Statutes contains many provisions for the regulation of licensed houses, and the sale of spirituous liquors. The first section imposes a penalty upon any person who, without being first licensed as an innholder or common victualler, shall presume to be an innholder, common victualler, or seller of wine, brandy, rum or any other spirituous liquor, to be used in or about his house or other buildings. The second, third and fourth sections, impose much smaller penalties upon unlicensed persons, who shall sell spirituous liquor, to be used on their premises, or who shall retail in less quantities than twenty-eight gallons, to be carried away, &c., or who being licensed to retail, shall sell any quantity to be used on their premises. This statute went into operation in May 1836. The subsequent statute of 1838, *c.* 157, does not in terms repeal any former law. But it enacts, § 4, that the provisions of all laws then in force, inconsistent with this act, are thereby repealed. In order to determine to what extent the latter act repeals the former, it becomes necessary to see how far they are inconsistent in their purposes and in their provisions. The latter statute is designed, as the title indicates, to regulate the sale of spirituous liquors only. It does not, in terms, affect the prohibited trade or employment to an unlicensed person, of being an innholder or common victualler. The statute of 1838 prohibits licensed innholders and victuallers, as well as others, from selling brandy, rum and other spirituous liquors, but it

24

makes no provision, in regard to those who shall exercise the occupation and employment of being an innholder or common victualler without license, nor does it affect the right of such innholder or common victualler to sell wine. The Court are of opinion, therefore, that the provisions of the statute of 1838, are not inconsistent with those of the Revised Stat. *c.* 47, § 1, and, therefore, do not repeal it.

We had occasion to decide last year, that as the statute of 1838 made provisions upon the whole subject respecting the sale of spirituous liquors, and provided other and different penalties, from those of the Revised Statutes, the provisions of the statute of 1838 were inconsistent with the former provisions, and, therefore, repealed them. The cases being different, a different rule must be applied to them.

Another exception is, that the jury were instructed that the government were not bound to prove distinct acts of sale to different persons, but proof of three different sales, to one person, as well as to different persons, would authorize the jury to convict the defendant as a common seller, within the first section of the Revised Stat. *c.* 47.

Perhaps, as there must be a new trial on another ground, it is not necessary to decide on this question. As we understand it, however, the exception was, that three sales to one person, was not equivalent to three sales to as many different persons. The question, what does constitute a common seller, may depend on various kinds of evidence. If the court intended to say, as we understand they did, that if three distinct sales to one person, were made under such circumstances, as if made to three several persons, would warrant the jury in finding the defendant guilty, such three sales to one person ought to have the same effect, we think the charge correct. In either case, as no statute and no rule of common law, has precisely determined what shall constitute a person a common seller, the evidence would be left to the jury with any circumstances tending to support or to rebut the inference, arising from such evidence.

Perhaps other species of proof, besides mere acts of selling, might have a proper bearing upon the same question, such as offering for sale, exhibiting the usual apparatus of an inn or bar room, advertising and putting up signs, and the like

Exceptions were also taken, to the sixth count in the indictment, and to the evidence offered to prove it. This count is framed upon *St.* 1838, *c.* 157. It charges that Odlin, on the 1st of November, 1838, did sell to one Thomas Goldsmith one pint of spirituous liquors, against the peace, &c.

The first exception is, that the species of liquor should have been expressed, as "brandy," "rum," &c.

The Court are of opinion, that this was not necessary, but that it is sufficient to use the words of the statute, "spirituous liquors," and that this is sufficiently specific and certain. The description in this statute is, "any brandy, rum, or other spirituous liquors." We think the specific terms, brandy and rum, are not used to constitute distinct offences or classes of offences, but they were put by way of instance, so connected with the larger term, "spirituous liquors," as to give efficiency to the rule of construction *ejusdem generis* and qualify those more general words.

And as coming within the same principle, and a necessary consequence of it, we think, the charge of the court was correct, that proof of the sale of brandy was good evidence to support an indictment for selling spirituous liquors.

The other exception to this count is, that it does not allege that the quantity sold was less than fifteen gallons ; and after some consideration, the Court are of opinion, that this exception is fatal to the indictment. It seems to be a settled rule of law, that where an act is made penal, with certain exceptions and limitations embraced in the same clause of the statute, so as to be descriptive of the offence intended to be punished, it is necessary to state in the indictment, that the act was done and to negative those exceptions and qualifications, and that the precise statute offence cannot otherwise be described and specified. *Commonwealth* v. *Maxwell*, 2 Pick. 139 ; *Commonwealth* v. *Eaton*, 8 Pick. 165. As a mode of applying this rule, a test is often given thus ; if all the facts alleged in the indictment may be true and yet the defendant not guilty, the indictment is insufficient. This plain reason may be assigned for it, that a verdict does nothing more than verify the facts charged ; and if these do not show the party guilty, he cannot be considered as having violated the statute. To apply these

rules, this count alleges affirmatively, that the defendant did sell one pint, &c. To one not accustomed to the accuracy applicable to these subjects, and so useful on the whole, as a security and protection of the subject, it may seem hypercritical to say that this is not the averment of a sale under fifteen gallons. But is it so ? If fifteen gallons were sold, it would be true that one, and many pints were sold. But the indictment should aver that that pint was not part of a larger quantity and all carried away at one and the same time, and then it would allege a violation of the law. We do not consider that any particular form of words must be adopted ; but some words must be used, which do convey to the mind the idea of a sale under fifteen gallons. Were it said, " less than fifteen gallons, to wit one pint,"* or " one pint and no more," or words equivalent, it would be sufficient. But simply averring, affirmatively, that the defendant did sell one pint, without some words negativing a larger quantity, is not bringing the case within the statute.

---

* In the case of *Commonwealth* v. *Silas Pearson,* decided at this same term, an indictment alleging that the defendant " did sell spirituous liquors in a less quantity than fifteen gallons and that delivered and carried away all at one time, to wit, two quarts of spirituous liquors," was held to be good.